PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00219-JLT-SKO |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE MAY 4, 2022, STATUS CONFERENCE TO JULY 20, 2022; ORDER** |
| v. | |
| MICHAEL DICKENS, | Ctrm: 7 |
| Defendant. | Hon. Sheila K. Oberto |

    This case is set for a status conference on May 4, 2022. Dkt. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

    Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Roger T. Nuttall, counsel for defendant Michael Dickens ("defendant"), that this action's **Wednesday, May 4, 2022, status conference be continued to Wednesday, July 20, 2022, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. By this stipulation, defendant moves to continue the May 4, 2022, status conference until July 20, 2022, as well as to exclude time between May 4, 2022, through July 20, 2022 pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

2. The parties based this stipulation on good cause. To explain:

   a) As of this week, the prosecution of this case is now assigned to Assistant United States Attorney, Brian W. Enos. A designation of counsel form was filed in this regard on April 25, 2022. The government has previously represented that discovery associated with this case has been either produced directly to counsel or made available for inspection and copying. Upon the defense's request, counsel for the government will assist the defense with any logistical issues attendant to any intention to review electronic evidence in this case pursuant to the parameters set forth within 18 U.S.C. § 3509 of the Adam Walsh Act.

    b) Counsel for defendant has faced significant medical issues pursuant to contracting COVID in February 2022, and no date has yet been set regarding his ability to return to the office on a full-time basis. The defense therefore needs additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to complete its review of the discovery for this matter, and to discuss potential resolutions with his client and with counsel for the government.

    c) In particular, counsel for defendant still needs to schedule time to review the contraband material in this case pursuant to the aforementioned provision of the Adam Walsh Act, which remains securely in the custody and control of the Department of Homeland Security.

    d) Counsel for defendant has also been delayed by an impacted trial schedule over the next 6-8 months, which is the result of the COVID-19 pandemic.

    e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f) The government does not object to the continuance.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h) The parties anticipate that they will be prepared to set a trial date, or alternatively a change of plea date, by the continued status conference on July 20, 2022.

    i) The parties therefore stipulate that the period of time from May 4, 2022, through July 20, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 25, 2022                               PHILLIP A. TALBERT
                                                     United States Attorney

                                              By:    /s/ Brian W. Enos
                                                     Brian W. Enos
                                                     Assistant United States Attorney


                                                     (*As authorized 4/25/22*)
Dated: April 25, 2022                         By:    /s/ Roger T. Nuttall
                                                     Roger T. Nuttall, Esq.
                                                     Attorney for Defendant
                                                     Michael Dickens

**O R D E R**

IT IS ORDERED that the status hearing currently set for May 4, 2022, at 1:00 pm is continued until July 20, 2022, at 1:00 pm.

IT IS FURTHER ORDERED THAT the period of time from May 4, 2022, through July 20, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

Dated:  4/25/2022         *Sheila K. Oberto*
                          Honorable Sheila K. Oberto
                          United States Magistrate Judge